UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

**CURT BUGLE, AKA Curt Bogle**

   **Plaintiff**

**V.**

**CONVERGENT OUTSOURCING, INC.**

   **Defendant.**

COMPLAINT FOR DAMAGES
AND FOR INJUCTIVE RELIEF

Comes now Plaintiff, Curt Bugle AKA Curt Bogle by and through the undersigned counsel and brings this Complaint For Damages and For Injunctive Relief and in furtherance states as follows:

**Jurisdiction and Venue**

1.  This is an action under 15 U.S.C. §1692, the Fair Debt Collection Practices Act (FDCPA) and Florida Deceptive and Unfair Trade Practices Act Florida Statues Ch. 501 (FDUTPA)

2.  Subject matter jurisdiction in this Court proper pursuant to 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1331 which grant this Court

original jurisdiction pursuant to a federal question relating to federal claims herein that arise under the FDCPA.

3. This case also concerns the consumer-protection statutory and common law of the State of Florida. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide the related state law issues.

4. Venue is proper in this District because a substantial part of events or omissions giving rise to the claims occurred here and The Defendant does business in Broward County Florida. (28 U.S.C. § 1391(b)(2)).

**Parties**

5. Plaintiff, Curt Bugle AKA Curt Bogle, is a natural person who lives in Broward County, Florida.

6. Defendant, Convergent Outsourcing, Inc. is a Washington corporation with CT Corporate System, 1200 South Pine Island Road, Plantation, Florida as registered agent.

7. Defendant, Convergent Outsourcing Inc, is engaged in the business of collecting or attempting to collect very old consumer debt, sometime referred to as Zombie Debt.

**Facts Common to All Counts**

8. Defendant, Convergent Outsourcing, Inc. is a debt collector as defined in 15 USC § 1692(a)(6), in that Defendant as a principal purpose of business regularly uses the mail to collect or attempts to collect debts owed, due or asserted to be owned or due another.

9. Defendant, Convergent Outsourcing, Inc. attempts to collect from Plaintiff a debt as defined in 15 U.S.C. § 1692(a)(5) in that Defendant attempts to collect from Plaintiff an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10. Plaintiff, Curt Bugle, is a consumer as defined in 15 U.S.C. § 1692(a)(3) as Plaintiff is natural person obligated or allegedly obligated to pay a debt.

11. The court must use the least sophisticated consumer standard as articulated by case law, in analyzing a consumer collection letter.

**Count I**
**Violations of 15 U.S.C. § 1692(e), 15 U.S.C. § 1692 e, § 1692(e)(2), 15 U.S.C. § 1692 e(5), 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(8), and 15 U.S.C. § 1692e(10)**

12. Plaintiff, Curt Bugle, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

13. Plaintiff, Curt Bugle, received a letter dated April 8, 2014 from Defendant, Convergent Outsourcing, Inc. sent in an attempt to collect a debt.

14. Plaintiff, Curt Bugle, states based on information and belief that the allegedly debt Defendant, Convergent Outsourcing, Inc., attempts to collect is at least ten to perhaps as much as twenty years old.

15. Based on information and belief Plaintiff's, Curt Bugle's, allegedly debt was long ago charged off by the original creditor Household Bank, N.A.

16. Based on information and belief Plaintiff's, Curt Bugle's, alleged debt long ago was sold to LVNV Funding, LLC., who is the current holder of Bugle's alleged debt.

17. Charge-off means that a creditor bank no longer carries the credit card account receivable on the credit card bank's books as an asset. Under federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days.

18. Regulation Z, which is a regulation issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act (15 U.S.C. § 1601 et seq.), was amended to require that, after the credit card issuer either deems the debt uncollectible, or delinquency collection proceedings have been instituted, or the account has been charged-off, a credit card issuer must send periodic statements on all accounts, including defaulted accounts, for any period during which fees and/or interest are added to the debt. See 12 C.F.R. § 226.5(b)(2)(i).

19. Plaintiff, Curt Bugle, has not received periodic statements from Household Bank, N.A. in many years.

20. Based on information and belief, Household Bank, N.A has not sent periodic statements related to Bugle's alleged debt to Plaintiff in many years.

21. Defendant, Convergent Outsourcing, Inc., has no basis to charge Plaintiff, Curt Bugle, interest on the alleged debt Defendant attempts to collect.

22. Defendant's, Convergent Outsourcing, Inc.'s letter of April 8, 2014 states " Interest Rate:  7%".

    a. The least sophisticated consumer would reasonably infer that interest was continuing to accrue.

    b.    The least sophisticated consumer would reasonably infer that if he did not accept Defendant's offer to settle interest was continuing to accrue, so it would be in the consumer's best interest to settle the alleged debt quickly.

    c.    Nowhere on the face of the letter or on the reverse side does the letter indicate that the current holder of the alleged debt or the debt collector is not charging interest.

    d.    Nowhere on the face of the letter or on the reverse side does the letter indicate that it is not permissible for the current holder of the alleged debt or the debt collector to charge interest.

23. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates to any person credit information which is known or which should be known to be false."

24. Defendant's, Convergent Outsourcing, Inc. knew or should have known there is no basis to attempt to collect, request payment of interest or otherwise infer that additional interest could be due on the alleged debt purported to be payable by Curt Bugle.

25. The implication that interest of 7% is somehow involved with Plaintiff alleged debt is false.

26. In connection with Defendant's, Convergent Outsourcing, Inc. actions in their attempts to collect, through debt collection letters, consumer debt from Plaintiff by adding an unauthorized amount of interest, late charges and other charges that are not permitted by law, the Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e.

27. In connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged consumer debt from Plaintiff by implying that additional unauthorized interest, the Defendant falsely represented the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692(e)(2)(A).

28. A debt collector violates 15 U.S.C. § 1692(e)(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

29. Defendant's, Convergent Outsourcing, Inc. actions in their attempts to collect, through debt collection letters, of purportedly defaulted consumer debt from Plaintiff by attempting to collect a

debt all Defendant knew or should have known did not continue to accrue interest, the Defendant used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692(e)(8)

30. Defendant's actions in its attempts to collect, through debt collection letters, alleged defaulted consumer debt from Plaintiff, that Defendant knew or should have known did not bear interest hence, falsely represents the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

31. In connection with Defendant's actions in its attempts to collect alleged consumer debt from Plaintiff by adding an unauthorized amount of interest, that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants, communicated "to any person credit information which is known or which should be known to be false" in violation of 15 U.S.C. § 1692e(8) of the FDCPA

32. A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

33. In connection with Defendant's in their attempts to collect, through debt collection letters, an alleged consumer debt from Plaintiff by adding or implying that an unauthorized amount of interest that was not permitted by law, the Defendant's actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt." in violation of 15 U.S.C. § 1692e(10).

34. Defendant's practice of attempting to collect, through debt collection letters, by adding or implying that an unauthorized amount of interest that was not permitted by law violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) of the FDCPA.

35. Defendant's conduct was willful and intentional.

36. Plaintiff is entitled to 1000 Dollars in statutory damages, costs, attorney fees, and punitive damages for each violation 15 USC § 1692(k)

**Count II**
**Violation Of The FDCPA, 15 U.S.C. § 1692(f), 15 U.S.C. § 1692f(l)**

37. Plaintiff hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

38. A debt collector violates 15 U.S.C. § 1692(f) of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

39. In connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged debt from Plaintiff by threatening to including an unauthorized amount of money not permitted by law, Defendant used "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA.

40. A debt collector violates 15 U.S.C. § 1692f(l) of the FDCPA if the debt collector engages in the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless law permits such amount.

41. In connection with Defendants actions in its attempts to collect, through debt collection letters, consumer debt from Plaintiff by threatening or implying that defendant could impose interest of 7%, that was not authorized by the agreement creating the debt or

permitted by law, the Defendant engaged in conduct that violated of 15 U.S.C. § 1692f(l).

42. In connection with Defendant's actions in their attempts to collect, through debt collection letters, consumer debt from Plaintiff by attempting to collect a alleged debt Defendant knew or should have known was charge off debt, the Defendant engaged in the collection of an amount not permissible under the law in violation of 15 U.S.C. § 1692f(l).

43. Defendant's practice of attempting to collect, through debt collection letters, consumer debt from Plaintiff by adding or attempting to collect an unauthorized amount of money not permitted by law, violates 15 U.S.C. §§ 1629f and 1692f(l).

44. Defendant's practice of attempting to collect, through debt collection letters, consumer debt from Plaintiff that Defendant knew or should have known did not bear interest, violates 15 U.S.C. §§ 1629f and 1692f(l).

45. Defendant's conduct was willful and intentional.

46. Plaintiff is entitled to 1000 Dollars in statutory damages, costs, attorney fees and punitive damages for each violation 15 USC § 1692(k)

**Count III**
**Violations of Florida Deceptive and Unfair Trade Practices Act**
**Florida Statues Ch. 501 (FDUTPA)**

47. Plaintiff hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

48. Defendants further prevented consumers from reasonably avoiding the harm by failing to inform consumers that Federal Law prohibits the charging of interest on charge off consumer debt.

49. The Plaintiff did not understand that he no interest charges were accruing.

50. Alternatively, Defendant charged interest for that Defendant was not entitled to charge.

51. FUTPA broadly declares in §501.204(1) that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" are violations of the Act. Florida courts have adopted and applied in various contexts a broadly worded standard of unfairness under which a practice is unfair, "if it offends public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

52. An act or practice is unfair if it causes or is likely to cause consumers substantial injury, which is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or to competition

53. Defendants have caused and are likely to cause substantial injury which is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or to competition by extracting payments for, or threatening to charge interest that Defendants are not entitled to collect.

54. The defendants violated FUTPA by sending letters informing Plaintiff, or implying that defendants are authorized to seek interest payments.

55. Plaintiff did not understand he was under no obligation to pay interest on the alleged debt.

56. Defendants action are unfair abusive and deceptive likely to cause consumers substantial injury, which is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or to competition; Therefore violate FUTPA.

57. Any violation of any consumer protection statue is per se violation of FUTPA.

58. By violation of consumer protection statues as indicated herein above and here in below defendant have violated the FUTPA.

59. Plaintiff is entitled to an award of attorney's fees and cost pursuant to FUTPA , at §501.2105.

**Trial by Jury**

60. Plaintiff demand a trial by Jury as provided for in Federal Law.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against defendants and in favor of the plaintiff as follows:

A. That the Plaintiff be awarded statutory damages;

B. That the Plaintiff be awarded punitive damages for willful and knowing violations;

C. That the Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

D. That the Court issue an injunction ordering Defendant to cease unlawful collection activities;

E. That the Court grants such further and additional relief as is just.

Dated:  May 13 2014

Respectfully Submitted, By:
//JZK//
Jonathan Z. Kantor
Florida Bar #103993
Law Office of Jonathan Z. Kantor, P.A.
304 Indian Trace # 117
Weston, FL 33326
Phone 305 375 9119
FAX 866 395 1057
jzkantor@yahoo.com